Mr. Justice Davis
delivered the opinion of the court:
The case, as found by the Court of Claims, discloses the following state of facts: In October, 1863, the Quartermaster Department entered into a written contract with Stow to deliver mixed grain at certain agreed prices. The contract was fulfilled, and a balance found due upon it. The defendants having neglected to pay a portion of this balance, Stow, at the request of one White, the real party in interest, executed a blank power of attorney, with the usual directions to do what was necessary to collect the money from the Government, and delivered it to White. White, on the continued refusal to pay, filled the blank in the power with the names of two attorneys, and instructed one of them to bring an action against the United States. This was done, and the suit was instituted in the name of Stow to the use of White, with a declaration in the petition that White furnished the grain delivered to the United States in the name of petitioner.
*102 Stow did not communicate with Fuller, tbe attorney of record, until after tbe suit was brought, nor did he authorize its institution, unless such authority was conferred by the powér of attorney. Subsequently, with knowledge of the facts, he suffered the suit to proceed, and co-operated with White in its prosecution.
While the action was still pending, a settlement was effected between White and the, defendants. Stow was not a party to this settlement, but he allowed it to proceed without objection or disclosure of any adverse interest.
The suit was not formally discontinued, because the law-officers of the Government were not advised of the proceeding which resulted in the settlement. Stow afterward, by leave of the court, filed an amended petition, denying White’s authority to settle, and seeking to obtain from the Government a re-payment of the money already paid for White’s benefit.
The Court of Claims, on hearing the case, dismissed it, on the ground of the conclusiveness of the settlement with White, and we think correctly. Stow, by his own action, is estopped from disputing the validity of this settlement. If it be conceded that the power of attorney was not an effective instrument tor any purpose, (10 Stat. L., p. 170,) because not executed in conformity with law, the concession cannot operate to the advantage of Stow, because he acted in such a way, after the suit was brought, as to preclude him from assuming the position he took in his amended petition. This action has induced the accounting officers of the Government to treat White as the only party in interest, and if loss is suffered on this account, it should not be borne by the defendants. Stow, in suffering the suit to proceed, and co-operating with White’s attorney in the prosecution, cannot be heard to say that the statements contained in the petition are not true. It would be wrong to allow him to stand by and see the suit settled on the basis of the truth of those statements, and then to turn around and take a new position, because the partial interest which he held in the claim was left unprotected by the settlement. If there be cause of complaint against any one for the failure to protect this interest, it is not against the defendants, whose officers conducted and completed the negotiation, on the faith that White, as declared in the petition, was the real owner of the claim, and that the suit was prosecuted for his benefit. In assisting to carry on this suit, *103 Stow adopted the proceeding on which it was based, and in effect notified the defendants that they could safely settle the cause of action with the attorney of record. Besides, in taking-charge of it after the settlement, and asking leave to amend the petition, he recognized the authority of the counsel who instituted it, and it is very clear that the amendment which he was permitted to file could not affect rights acquired while the suit, as originally framed, was pending.
Judgment affirmed.